United States District Court
Southern District of Texas

**ENTERED**
May 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| LARRY FREUND, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00292 |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Defendant's motion for summary judgment. *See* Dkt. 14. Plaintiff has not responded to the motion. Having reviewed the motion, the record, and the applicable law, I recommend that the motion be granted.

## BACKGROUND

Defendant issued a Texas insurance policy number 886943685 (the "Policy") to Plaintiff for his property located at 3535 CR 107F, Pearland, Texas (the "Property"). On December 23, 2022, the Property suffered extensive water damage. Plaintiff submitted a claim to Defendant against the Policy for damages to the Property sustained because of the water.

In his live pleading, Plaintiff claims $197,478.50 in actual damages to the Property; $25,255.23 for damages to his personal property; and $6,613.70 in additional living expenses. *See* Dkt. 1-3 at 4. On February 5, 2023, Defendant estimated damage at $23,079.34 and issued payment of $19,786.34 after deducting depreciation and the deductible. Plaintiff claims that Defendant severely undervalued the Property, wrongly denied his claims for repairs, delayed payment for damages, and misrepresented the Policy's coverage.

On August 3, 2023, Plaintiff sued Defendant in the 239th District Court of Brazoria County, Texas. Plaintiff asserts claims for breach of contract, unfair

settlement practices, prompt payment claims, breach of the duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act ("DTPA"), and common law fraud. *See id.* at 8–13. On September 8, 2023, Defendant removed the case to this court based on diversity jurisdiction. *See* Dkt. 1.

On March 20, 2024, Judge Jeffrey V. Brown granted the parties' joint motion to abate pending completion of appraisal. *See* Dkt. 7. The parties' respective appraisers could not agree on the award, so an umpire was appointed. On January 7, 2025, Plaintiff's appraiser signed the appraisal award. *See* Dkt. 14-1 at 1. The umpire signed the appraisal award on January 8, 2025. *See id.* The total amount awarded for replacement cost was $175,063.36. *See id.* After deducting prior payments and the deductible, the amount of the award to be paid was $116,629.91. *See* Dkt. 14-2 at 2. On February 20, 2025, Defendant issued a check to Plaintiff for $116,629.91. *See* Dkt. 14-3 at 1. The total interest on this amount was $29,437.07. *See* Dkt. 14-2 at 2. On February 20, 2025, Defendant issued a check to Plaintiff for $29,437.07. *See* Dkt. 14-3 at 3.

On September 29, 2025, Judge Brown granted the parties' joint motion to un-abate the case and for entry of a docket control order. *See* Dkt. 10. On January 15, 2026, Defendant filed its motion for summary judgment. *See* Dkt. 14. On January 21, 2026, Judge Brown granted Plaintiff's counsel's motion to withdraw. *See* Dkt. 16. Nothing occurred in the case for several months.

On April 17, 2026, the case was referred to me for all pretrial purposes. *See* Dkt. 17. On April 20, 2026, I issued an order giving Plaintiff until May 26, 2026, to either respond to Defendant's motion for summary judgment or have new counsel make an appearance. *See* Dkt. 20. Plaintiff took no action by that deadline. I now turn to the pending motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "No genuine issue of material fact exists if the summary-judgment

evidence is such that no reasonable juror could find in favor of the nonmovant." *Jenkins v. Methodist Hosp. of Dall., Inc.*, 478 F.3d 255, 260 (5th Cir. 2007).

"The moving party bears the initial burden of showing that there is no genuine issue for trial." *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Where the movant does not bear the burden of proof, its burden is satisfied by showing that the other party has a "failure of proof on an essential element of its claim." *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 329 (5th Cir. 2020). The movant makes this showing by introducing evidence or by "pointing out . . . an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "If the [movant] succeeds on that showing, the burden shifts to the [nonmovant] to demonstrate that there is a genuine issue of material fact and that the evidence favoring the [nonmovant] permits a jury verdict in the [nonmovant]'s favor." *Joseph*, 981 F.3d at 329.

I may not grant summary judgment based solely on a party's failure to file a response to the motion for summary judgment. *See John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). When, however, "a party . . . fails to properly address another party's assertion of fact," I may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

**ANALYSIS**

Because Plaintiff failed to respond to Defendant's motion for summary judgment, I consider every fact asserted by Defendant undisputed. *See* Fed. R. Civ. P. 56(e)(2). Thus, the only question I must ask is whether these undisputed facts show that Defendant is entitled to summary judgment on each of Plaintiff's claims.

A.    **BREACH OF CONTRACT AND PROMPT PAYMENT CLAIMS**

Plaintiff claims that "Defendant's failure and/or refusal . . . to pay the adequate compensation as it is obligated to do under the terms of the Policy in question . . . constitutes a breach of Defendant's insurance contract with Plaintiff." Dkt. 1-3 at 8–9. The undisputed record shows that the parties went through the

3

contractual appraisal process and that Defendant paid the appraisal award. Texas Supreme Court precedent is clear: "Having invoked the agreed procedure for determining the amount of loss, and having paid that binding amount, [Defendant] complied with its obligations under the policy." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 133 (Tex. 2019). Accordingly, there can be no breach of contract, and Defendant is entitled to summary judgment on this claim.

Relatedly, when "the insurer has already paid all amounts owed under the insurance policy plus any possible statutory interest, there is not and never will be [damages under the Prompt Payment of Claims Act]." *Rodriguez v. Safeco Ins. Co. of Ind.*, 684 S.W.3d 789, 793 (Tex. 2024). Because the undisputed record shows that Defendant has paid the appraisal award and all possible interest, Defendant is also entitled to summary judgment on Plaintiff's prompt payment claim.

**B.    BAD FAITH CLAIMS**

Plaintiff's claims for unfair settlement practices and breach of the duty of good faith and fair dealing are "bad faith" claims. *See Ortiz*, 589 S.W.3d at 133 (categorizing claims that an insurer "engaged in various statutorily prohibited acts, including wrongfully denying [an insured's] claim, failing to settle the claim in good faith, and failing to conduct a reasonable investigation" as "bad faith" claims). To the extent Plaintiff seeks "the policy benefits wrongfully withheld, . . . those benefits have already been paid pursuant to the policy." *Id.* at 134–35. To the extent Plaintiff seeks other damages—e.g., additional property damage caused by Defendant's "allegedly unreasonable investigation"—Plaintiff has not introduced any evidence to support such damages. *Id.* at 135. Accordingly, Defendant is entitled to summary judgment on Plaintiff's bad faith claims.

**C.    VIOLATION OF THE DTPA AND COMMON LAW FRAUD**

Plaintiff claims Defendant violated the DTPA "by engaging in false, misleading or deceptive acts and practices." Dkt. 1-3 at 11. Plaintiff also claims that "Defendant is liable to Plaintiff for common law fraud" because of Defendant's allegedly deceptive practices. *Id.* at 12. There is no evidence in the record, however,

of any fraud or deception. Because Plaintiff bears the burden of proof on these claims and has identified no evidence to support them, Defendant is entitled to summary judgment on Plaintiff's DTPA and common law fraud claims.

## CONCLUSION

For the reasons discussed above, I recommend that Defendant's motion for summary judgment (Dkt. 14) be granted.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this ___29th___ day of May 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

5